UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOE PRICE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 18-1152 |
| | ) |
| PICKNEYVILLE RN MEDICAL STAFF, *ET AL.* | ) |
| | ) |
| Defendants. | ) |

## **MERIT REVIEW ORDER**

This case is before the court for a merit review of the plaintiff's claims. The court is required by 28 U.S.C. § 1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted).

Plaintiff sent a letter to the Court stating, among other things, that he has been denied medical treatment at his current place of incarceration (Pickneyville Correctional Center), and that prison officials have obstructed his ability to file a lawsuit. (Doc. 1). Out

of an abundance of caution, the Court construed this letter as a complaint under 42 U.S.C. § 1983.

The denial of medical care and hindrance in filing a lawsuit Plaintiff alleges in his letter appear to have occurred at Pickneyville. The only statements in Plaintiff's complaint related to individuals or prisons in this district are Plaintiff's statement that he saved a prison official's life at Pontiac Correctional Center in 1984, and his request to ask another district judge in this district for help finding a lawyer.

Any claims Plaintiff would have against officials at Pontiac Correctional Center would be, based on Plaintiff's statement that they occurred in 1984, barred by the statute of limitations. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2014) ("Section 1983 suits in Illinois have a two-year statute of limitations....") (citation omitted). There are no remaining claims against defendants that reside in this district.

Venue for federal civil rights actions brought under 42 U.S.C. § 1983 is governed by 28 U.S.C. § 1391(b). According to that statute, such actions may be brought only in (1) the judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *Id.*

The only potential claims remaining appear to have occurred at Pickneyville in Perry County, Illinois and involve officials that presumably work at and reside near the prison. Perry County is located in the Southern District of Illinois. 28 U.S.C. § 93(c). Therefore, the Court finds that venue is proper in the Southern District of Illinois. In the interests of justice, this case shall be transferred there to resolve the remaining claims. *See* 28 U.S.C. § 1404(a).

**IT IS THEREFORE ORDERED:**

1. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff fails to state a claim against officials at Pontiac Correctional Center. Clerk is directed to terminate Pontiac Correctional Center as a defendant.

2. This case is hereby transferred to the Southern District of Illinois pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1404(a) to address Plaintiff's remaining claims and for assessment of the filing fees.

ENTERED this 2nd day of May, 2018

/s/ Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE