IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOE PRICE,
NO. A-81574,

          **Plaintiff,**

vs.                                                      CIVIL NO. 18-cv-1050-DRH

**CHRISTINE BROWN,**
**OFFICER COOLEY,**
**OFFICER HALE,**
**KAREN JAIMET,**
**NURSE KREIDER,**
**DR. MEYERS,**
**TRACI PEEK,**
**SCOTT THOMPSON, and**
**JANE DOE (1-5),**

          **Defendants.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

     Plaintiff Joe Price, an inmate at Pinckneyville Correctional Center ("Pinckneyville"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. On September 25, 2018, Plaintiff, represented by counsel, filed his Amended Complaint. (Doc. 30). Plaintiff is a 63-year-old, hearing impaired prisoner who suffers from mental illness and several chronic conditions, including frequent seizures. Plaintiff claims Defendants have violated his rights under the Eighth Amendment and the Americans with Disabilities Act ("ADA") by failing to accommodate his hearing impairment and other physical and mental health conditions. Without commenting on the merits of Plaintiff's claims,

1

the Court finds that the Amended Complaint, which includes Counts 1 through 5, survives preliminary review under 28 U.S.C. § 1915A.

## Identification of Unknown Defendants

Scott Thompson, the Acting Warden of Pinckneyville, will be responsible for responding to discovery (informal or formal) aimed at identifying the unknown defendants. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). Guidelines for discovery will be set by the United States Magistrate Judge. Once the names of the unknown defendants are discovered, Plaintiff must file a motion to substitute the newly identified defendants in place of the generic designations in the case caption and throughout the Complaint.

## Disposition

**IT IS HEREBY ORDERED** that the Amended Complaint, which includes **COUNTS 1** through **5,** shall receive further review.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for **BROWN, BUTALID, COOLEY, HALE, JAIMET, KREIDER, MEYERS, PEEK,** and **THOMPSON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Plaintiff. If one of the defendants fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the

Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on the unknown defendants until Plaintiff has identified them by name in a properly filed Motion for Substitution of Parties. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the name and service addresses for these individuals.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full

amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

Judge Herndon
2018.09.26 15:55:09 -05'00'
**United States District Judge**