IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOE PRIEC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   18-cv-1050-RJD |
| | ) | |
| CHRISTINE BROWN, OFFICER COOLEY, | ) | |
| OFFICER HALE, KAREN JAIMET, | ) | |
| KIMBERLY REEDER, TRACI PEEK, | ) | |
| SCOTT THOMPSON, and MARY ROGERS, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on the Motion for Summary Judgment for Plaintiff's Failure to Exhaust His Administrative Remedies filed by Defendants Peek, Reeder, and Rogers (Doc. 124) and the Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies filed by Defendants Brown, Cooley, Hale, Jaimet, and Thompson (Doc. 135).   For the reasons set forth below, Defendant Peek, Reeder, and Rogers' Motion is **GRANTED**, and Defendant Brown, Cooley, Hale, Jaimet, and Thompson's Motion is **GRANTED IN PART AND DENIED IN PART**.

**Background**

Plaintiff Joe Price, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights and the Americans with Disabilities Act ("ADA").   Plaintiff's claims arise from his incarceration at Pinckneyville Correctional Center ("Pinckneyville").   Plaintiff suffers from several chronic mental and physical problems, including seizures and hearing impairment.

Plaintiff is proceeding in this action on the following claims:

>   Count One: Eighth Amendment claim against Defendants Brown, Peek, Reeder, and Rogers for deliberate indifference to Plaintiff's serous medical need for refusing Plaintiff new batteries and filters for his hearing aid.
>
>   Count Two: Eighth Amendment conditions of confinement claim against Defendants Peek, Brown, Reeder, and Rogers for refusing Plaintiff new batteries and filters for his hearing aid.
>
>   Count Three: Eighth Amendment conditions of confinement claim against Defendants Brown, Hale, and Jaimet for refusing Plaintiff ADA accommodations as a hearing-impaired inmate.
>
>   Count Four: Eighth Amendment conditions of confinement claim against Defendants Thompson and Cooley for housing Plaintiff in a cell unfit for a hearing-impaired inmate.
>
>   Count Five: Eighth Amendment claim against Defendants Peek, Reeder, and Rogers for deliberate indifference to Plaintiff's serious medical need by refusing Plaintiff medication for chronic and severe pain.

Defendants filed motions for summary judgment arguing Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit (Docs. 124 and 135). The Court has reviewed the grievances in the record and finds the following grievances are relevant to the claims in this lawsuit:

1. **March 14, 2018 Emergency Grievance (Doc. 136-1 at 26-31)**: In this grievance, Plaintiff states that he has written letters to Mrs. Brown, the ADA Coordinator, about an IDOC ADA Individualized Communication Plan and Permit, but to no avail. Plaintiff asks that he receive a communication plan and permit. The Chief Administrative Officer ("CAO") found that an emergency was substantiated and expedited the grievance for review. The Grievance Officer recommended that the grievance be denied on May 17, 2018, and the CAO concurred on May 17, 2018. The Administrative Review Board ("ARB") received this grievance on June 5, 2018, and denied it on June 12, 2018, finding it was appropriately addressed by the facility administration. The IDOC Director concurred on June 13, 2018.

2. **April 24, 2018 Emergency Grievance (Doc. 136-1 at 32-34)**: In this grievance, Plaintiff complains that he was advised by Dr. Munas on March 16, 2018 that Wexford had discontinued his Klonopin medication. Plaintiff writes that he thinks Mrs. Brown, the ADA Coordinator, was making Dr. Munas discontinue his medication in retaliation for his

asking for help with his individualized communication plan. The Administrative Review Board ("ARB") received this grievance on April 27, 2018, and returned it to Plaintiff without a decision on the merits on May 11, 2018. Plaintiff was directed to provide responses from his counselor, grievance officer, and warden. The CAO received a copy of this grievance on May 31, 2018, and expedited it for review (Doc. 96-2 at 19). The Grievance Officer recommended that the grievance be denied on June 22, 2018, and the CAO concurred with this recommendation on June 28, 2018 (Doc. 96-2 at 18).

3. **May 29, 2018 Emergency Grievance (Doc. 136-1 at 21-25)**: In this grievance, Plaintiff complains that C. Brown is refusing to return his hearing aid to him. Plaintiff writes that he saw Dr. Myers on April 21, 2018 and Dr. Myers wrote Plaintiff an ADA shower permit, but told Plaintiff it had to be approved by Brown. The permit was not approved and Plaintiff believes Brown is retaliating against him. The CAO found an emergency was substantiated and the Grievance Officer recommended that the grievance be denied on July 10, 2018. The CAO concurred with the Grievance Officer's recommendation on July 13, 2018, and Plaintiff appealed this grievance to the ARB. The ARB responded, with the concurrence of the IDOC Director, on August 16, 2018.

4. **July 13, 2018 Grievance (Doc. 125-2 at 27-29)**: In this grievance, Plaintiff complains that Nurse Peek made him put his fingers in his mouth prior to dispensing his medication on July 10, 2018. Plaintiff also complains that Nurse Peek crushed his medication, without a doctor's order to do so. The counselor responded to this grievance on August 16, 2018. The Grievance Officer recommended that the grievance be denied on August 31, 2018, and the CAO concurred on September 4, 2018.

5. **August 4, 2018 Grievance (Doc. 136-1 at 4-11)**: In this grievance, Plaintiff complains about the issuance of a disciplinary report by Traci Peek on July 10, 2018. The ticket was issued following an occurrence while Plaintiff was trying to get his medication. The Grievance Officer recommended that the grievance be affirmed and Plaintiff's ticket be expunged on August 30, 2018. The Chief Administrative Officer ("CAO") concurred with the Grievance Officer's recommendation on September 4, 2018. Plaintiff sent this grievance to the Administrative Review Board ("ARB") and it was found moot based on expungement of the ticket at issue. The IDOC Director concurred with the ARB's response on October 2, 2018.

6. **August 5, 2018 Grievance (Doc. 136-1 at 16-20)**: In this grievance, Plaintiff again complains about the incident with Traci Peek on July 10, 2018 concerning the dispensation of his medication and the issuance of a disciplinary ticket. The ARB received this grievance on August 21, 2018, and returned it to Plaintiff without a decision on the merits. The ARB directed Plaintiff to provide copies of responses from his counselor, Grievance Officer, and CAO.

7. **August 7, 2018 Emergency Grievance (Doc. 125-2 at 24-26)**: In this grievance, Plaintiff asserts his hearing aid battery lost power on August 5, 2018, and he has not received a new one. Plaintiff grieves that this is abuse by the medical staff and Mrs.

>Brown.  The CAO found an emergency was substantiated and expedited review of this grievance.  The Grievance Officer responded on October 24, 2018, and recommended that the grievance be denied.  The CAO concurred with the Grievance Officer's recommendation on October 30, 2018.

8. **October 13, 2018 Emergency Grievance (Doc. 136-2 at 39-41)**:  In this grievance, Plaintiff complains that he did not receive his "psych" medications because his prescription had expired. The CAO expedited this grievance on an emergency basis, and the Grievance Officer recommended that the grievance be denied on October 29, 2018.  The CAO concurred with the Grievance Officer's recommendation on November 7, 2018.

Defendants Peek, Reeder, and Rogers (the "Wexford" Defendants), assert summary judgment on exhaustion in their favor is warranted because the grievances in the record were not exhausted prior to Plaintiff filing this lawsuit on April 11, 2018.  The Wexford Defendants also assert that Plaintiff's grievances do not complain about the actions allegedly taken by them at issue in this lawsuit.  Defendants Brown, Cooley, Hale, Jaimet, and Thompson assert summary judgment on exhaustion in their favor is warranted on the same bases — that the grievances in the record do not identify them and were not exhausted prior to the filing of this lawsuit.

In response to Defendants' motions, Plaintiff asserts his initial filing, which constituted a letter to the Hon. Kenneth A. Wells, was insufficient to cut-off his timeframe for exhausting his administrative remedies.  Plaintiff asserts the true date of filing was September 25, 2018, the date on which his Amended Complaint was filed.  In this filing, Plaintiff asserts he raised particularized claims against Defendants.  Plaintiff also asserts that his failure to identify each defendant in his grievances is irrelevant because his grievances put staff on notice as to the issues set forth in his complaints, and, in any event, staff members do not always wear identification, which prevented him from naming each defendant.  Finally, Plaintiff argues he believes he filed additional grievances related to Defendants that have been lost or not produced.  Plaintiff asserts that he has been unable to provide copies of additional grievances because Defendant Officer

Cooley poured hot water over Plaintiff's legal records and they had to be thrown away.

Pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), the Court held a hearing on the issue of exhaustion on July 27, 2020[1]. At the hearing, Plaintiff testified he filed several grievances not in the record while he was at Pinckneyville. These grievances, which Plaintiff approximates at around 10, related to issues with his hearing aid, ADA accommodations, overt harassment, sexual harassment, and PREA. About a month after Plaintiff filed this lawsuit, these grievances were destroyed. Plaintiff testified that officers came in to do a "box check" and an officer poured hot water from Plaintiff's hot pot on his legal papers. These were copies of grievances that he had sent to his counselor, including some that had been returned to Plaintiff. Plaintiff testified that prior to this incident, he had transcribed a list documenting the grievance numbers for the grievances he had submitted. He testified that he provided his son with a copy of this list and indicated he would provide the Court with the same.

On August 20, 2020, Plaintiff filed a supplement with the Court. In his supplemental materials, Plaintiff provided the list of grievances he testified to at the hearing. There are 40 grievance numbers included on Plaintiff's list. Plaintiff also provided supplemental grievance records that include 10 grievances referenced on Plaintiff's list. These grievances were all dated and filed on or after December 15, 2018.

Defendants Peek, Reeder, and Rogers filed a reply to Plaintiff's supplement, arguing the supplemental materials do not evidence that Plaintiff was thwarted in his efforts to exhaust as Plaintiff's grievances were allegedly destroyed after he filed this lawsuit, but any grievances

---

[1] On July 20, 2020, counsel for Plaintiff sent a letter to the undersigned regarding the health of Plaintiff. Relevant to the hearing, counsel indicated that Plaintiff is still experiencing issues with his hearing and lack of adequate treatment and, as a result, would be unable to hear in the videoconference room without appropriate headphones. The Court did not receive this letter until after the hearing was concluded. However, during the hearing, Plaintiff indicated he was able to see and hear the Court and counsel and he did not have difficulty participating.

should have been filed and exhausted prior to the filing of this lawsuit. Defendants also note that the additional grievances mentioned in the list and included in the supplement all post-date the filing of this lawsuit.

## Legal Standards

### *Summary Judgment Standard*

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In considering a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

### *Exhaustion Requirements*

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies."

*Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "[A]ll dismissals under § 1997e(a) should be without prejudice." *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

An inmate in the custody of the Illinois Department of Corrections must first submit a written grievance within 60 days after the discovery of the incident, occurrence or problem, to his or her institutional counselor, unless certain discrete issues are being grieved. 20 ILL. ADMIN. CODE § 504.810(a). If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the Chief Administrative Officer — usually the Warden — within 2 months of receipt, "when reasonably feasible under the circumstances." *Id*. §504.830(e). The CAO then advises the inmate of a decision on the grievance. *Id.*

An inmate may appeal the decision of the Chief Administrative Officer in writing within 30 days to the Administrative Review Board for a final decision. *Id.* § 504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006). The ARB will submit a written report of its findings and recommendations to the Director who shall review the same and make a final determination within 6 months of receipt of the appeal. 20 ILL. ADMIN. CODE § 504.850(d) and (e).

An inmate may request that a grievance be handled as an emergency by forwarding it directly to the Chief Administrative Officer. *Id.* § 504.840. If it is determined that there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance is

handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender. *Id.* Inmates may further submit certain types of grievances directly to the Administrative Review Board, including grievances related to protective custody, psychotropic medication, and certain issues relating to facilities other than the inmate's currently assigned facility. *Id.* at § 504.870.

## Discussion

A review of the grievance records in this case demonstrate that Plaintiff fully exhausted three grievances related to the claims in this lawsuit, dated March 14, 2018, May 29, 2018, and August 4, 2018. The Court agrees with Plaintiff that the operative filing date in this matter is September 25, 2018, the date Plaintiff's Amended Complaint was filed. It is well settled that claims must be administratively exhausted when a plaintiff first files his original complaint. *Hoban v. Anderson*, 688 F. App'x 385, 389 (7th Cir. 2017). The only instance in which a prisoner may exhaust his administrative remedies after initiating his lawsuit occurs when the amended complaint sets forth a newly discovered claim after filing the original complaint so long as said claim was administratively exhausted by the time the amended complaint was filed. *Id.* A review of Plaintiff's original "complaint," which is better described as a brief letter, does not indicate that Plaintiff had yet "discovered" the claims now pending in this lawsuit. Plaintiff makes only cursory reference to wanting to file a lawsuit for being denied a battery and filter for his hearing aid, and that he stays in his cell because he fears for his life. Because Plaintiff's "complaint" was initially filed in the Northern District of Illinois, that Court indicated it was construing Plaintiff's letter "out of an abundance of caution" as a complaint. Upon transfer to the Southern District, Plaintiff's "complaint" was again screened, and the Court recruited counsel, noting that the "guiding hand of counsel" would be "necessary to assist Plaintiff with determining

whether he has any meritorious claims … and succinctly articulating these claims in an amended complaint" (Doc. 13 at 7). Because it is not entirely clear that Plaintiff intended to bring a complaint on April 11, 2018, or that he understood and discovered the facts giving rise to the claims now pending before the Court at the time of filing, the Court finds the operative date for purposes of exhaustion is September 25, 2018. Thus, two of the three exhausted grievances, dated March 14, 2018 and May 29, 2018, were exhausted prior to filing this lawsuit. The third grievance, dated August 4, 2018, was not exhausted prior to filing as it did not receive a final determination by the IDOC Director until October 2, 2018.

With regard to the grievances that were timely exhausted, the Court finds the March 14, 2018 grievance sufficient to exhaust Plaintiff's claim against Defendant Brown in Count Three. In this grievance, Plaintiff complains that he has written to Defendant Brown asking for an ADA Individualized Communication Plan, but to no avail. The Court finds this sufficient to put the institution on notice that Plaintiff was complaining about Defendant Brown's failure to provide ADA accommodations. However, there is no mention of Defendants Hale or Jaimet, or any reference to their actions at issue in Count Three. Accordingly, this grievance only exhausts Count Three as to Defendant Brown. Similarly, with regard to Plaintiff's May 29, 2018 grievance, the Court finds the contents sufficient to exhaust Plaintiff's claims against Defendant Brown in Count One and Count Two as Plaintiff complains that Brown confiscated and refused to return his hearing aid. No other Defendant is identified, mentioned, or described and, as such, it does not exhaust any other claims.

The record before the Court does not establish that Plaintiff exhausted any other grievances relevant to the claims in this lawsuit as no other grievance received an ARB or IDOC Director response prior to the filing of Plaintiff's Amended Complaint. However, the Court must consider

Plaintiff's argument that several relevant grievances were destroyed by a correctional officer after he filed this lawsuit. The Court does not credit this testimony insofar as it does not support a finding that any of the purportedly destroyed grievances named or identified the Defendants or complained of their alleged actions at issue in this lawsuit. At the hearing, Plaintiff only set forth broad topics that he avers were addressed in the grievances, but failed to provide any particulars. Further, the grievance list provided by Plaintiff does not assist the Court in determining the content of the grievances that were destroyed. Finally, there is nothing to demonstrate that any purportedly relevant grievances that were destroyed were properly submitted or that Plaintiff was in the midst of taking any action to continue in the administrative review process or inquire as to why he had not yet received any response. Thus, the Court cannot find Plaintiff was thwarted in his attempts to exhaust any relevant grievances.

## Conclusion

Based on the foregoing, the Motion for Summary Judgment for Plaintiff's Failure to Exhaust His Administrative Remedies filed by Defendants Peek, Reeder, and Rogers (Doc. 124) is **GRANTED**, and the Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies filed by Defendants Brown, Cooley, Hale, Jaimet, and Thompson (Doc. 135) is **GRANTED IN PART AND DENIED IN PART**. Defendants Traci Peek, Kimberly Reeder, Mary Rogers, Officer Cooley, Officer Hale, Karen Jaimet, and Scott Thompson are **DISMISSED WITHOUT PREJUDICE**, as are Counts Four and Five in their entirety. This matter will proceed on the following claims:

> Count One:   Eighth Amendment claim against Defendant Brown for deliberate indifference to Plaintiff's serous medical need for refusing Plaintiff new batteries and filters for his hearing aid.

> Count Two: Eighth Amendment conditions of confinement claim against Defendant Brown for refusing Plaintiff new batteries and filters for his hearing aid.
>
> Count Three: Eighth Amendment conditions of confinement claim against Defendant Brown for refusing Plaintiff ADA accommodations as a hearing impaired inmate.

**IT IS SO ORDERED.**

**DATED: September 2, 2020**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**